UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Campbell, | Civil No. 14-96 (PAM/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bruce Reiser, Faribault Warden, Greg Abbott, Texas Attorney General, | |
| Respondents. | |

_____

Petitioner, *Pro Se*.
Kobie Hudson and Matthew Frank for Respondent Bruce Reiser.
Joseph Corcoran for Respondent Greg Abbott.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner James Paul Campbell's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) and on Respondent Greg Abbott's motion to dismiss for lack of jurisdiction (ECF No. 14). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that the Petition for Writ of Habeas Corpus be **DENIED** and Abbott's motion to dismiss be **GRANTED**.

### I. FACTUAL BACKGROUND

In 1997, Petitioner was convicted in Texas of first-degree possession with intent to deliver cocaine and sentenced to twenty years imprisonment. *See* Bisch Aff. App. A, at 4, ECF No. 6-1. In January 2005, Petitioner was released on parole[1] subject to various conditions, including that he not commit an offense against the laws of any state. *Id.* at 8–9. Later that year, Petitioner moved to

---

[1] Petitioner's parole expires on December 7, 2017. ECF No. 6-1 at 4.

Minnesota, and Hennepin County Community Corrections undertook supervision of Petitioner's conditional release. Bisch Aff. ¶ 2, ECF No. 6; ECF No. 6-1 at 10–11.

In September 2010, Petitioner was arrested and charged in Ramsey County District Court with felony possession of a firearm by an ineligible person in violation of Minnesota Statute section 624.713. *See* ECF No. 6-1 at 12–16. An "offender violation report" was completed and submitted to Texas authorities, notifying them that Petitioner was in custody on new charges. *See id.* at 17–19. On September 10, 2010, the Texas Department of Criminal Justice issued an arrest warrant for Petitioner on the basis that Petitioner had violated the terms of his parole. *See id.* at 20–21.

After a June 6, 2011 court trial, Petitioner was found guilty of the charged Minnesota offense and was sentenced to 60 months imprisonment to be served at the Minnesota Correctional Facility in St. Cloud. *See id.* at 22–23, 26. Texas authorities were informed of Petitioner's conviction on August 8, 2011. *See id.* at 31. On September 14, 2011, Petitioner was transferred to the Minnesota Correctional Facility in Faribault ("MCF-FRB"). *Id.* at 29.

On November 4, 2011, the Texas Department of Criminal Justice sent a letter to MCF-FRB, requesting that they treat the previously-issued arrest warrant against Petitioner as a detainer. *Id.* at 32. Petitioner was informed of this detainer on November 7, 2011. *Id.* at 33. Petitioner also received a letter from the Texas Department of Criminal Justice on November 9, 2011, informing him that his Minnesota conviction was sufficient grounds to revoke his conditional release. *Id.* at 34. The letter informed Petitioner that because he was incarcerated in Minnesota, he would be allowed a revocation hearing once he returned to Texas. *Id.* Petitioner responded to the letter, indicating that he desired such a hearing. *Id.*

Petitioner appealed his Minnesota conviction to the Minnesota Court of Appeals, which

affirmed his conviction on November 13, 2012. *See State v. Campbell*, No. A11-1937, 2012 WL 5476108 (Minn. Ct. App. Nov. 13, 2012). The Minnesota Supreme Court denied review on January 29, 2013. *Id.*

On November 1, 2013, Petitioner sent a kite message[2] to Respondent Bruce Reiser, the warden of MCF-FRB, requesting a preliminary parole revocation hearing with regard to the Texas detainer. Pet. for Writ of Habeas Corpus Ex. C, at 7–11, ECF No. 1. Reiser responded on November 3, 2013, informing Petitioner that he had no control over detainers and that he should instead contact the Texas court system or an attorney. *Id.* Ex. C, at 6.

On January 27, 2014, Petitioner finished his term of incarceration in Minnesota and was placed on supervised release. *See* ECF No. 6-1 at 42–44. However, due to the Texas detainer filed against Petitioner, he was released to the custody of Texas authorities and returned to Texas. *Id.* at 44.

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 9, 2014, prior to his release from Minnesota custody and transfer to the state of Texas. ECF No. 1. The Court liberally construes the Petition as making two arguments: (1) Texas authorities, by and through Respondent Greg Abbott, Texas Attorney General, issued an unlawful and baseless detainer against Petitioner after his Minnesota criminal conviction, and (2) Respondent Bruce Reiser and Petitioner's parole agent William Linden violated Petitioner's constitutional rights by failing to provide him with a preliminary parole revocation hearing. *See* ECF No. 1 at 8; Addendum to Habeas Corpus Pet. 1, ECF No. 1-1.

Both Respondents oppose the Petition, albeit on different grounds. Reiser argues that because

---

[2] The kite system is the Department of Corrections' informal grievance process.

Petitioner was incarcerated in Minnesota pursuant to a new felony conviction—not pursuant to the Texas detainer—any right to a parole revocation hearing was not triggered until his term of imprisonment expired on his Minnesota conviction. Reiser's Answer 2, ECF No. 4. Thus, Reiser asserts that to the extent the Petition alleges any claims against him for not providing Petitioner with a preliminary hearing, the Petition should be denied. *Id.* Abbott, on the other hand, moves to dismiss the Petition for lack of personal jurisdiction. Mot. to Dismiss, ECF No. 14. Abbott argues that because he is out of the territorial jurisdiction of this Court, he should be dismissed from this matter. Mem. in Supp. of Mot. to Dismiss 3–4, ECF No. 15.

Petitioner did not respond to either argument. Although Petitioner was granted an extension of time to file responsive briefing to the Respondents' memoranda, this deadline has now passed. *See* Order, ECF No. 21.

## II. LEGAL ANALYSIS

### A. Reiser's failure to provide Petitioner with a preliminary revocation hearing did not violate Petitioner's constitutional rights

In his Petition, Petitioner argues that both Reiser and Linden "neglected to conduct a full and fair *Morrissey* 'preliminary parole hearing' when [Petitioner] was arrested for parole violation on [A]ugust 26th, 2010." ECF No. 1-1 at 1; *see also* ECF No. 1 at 8. Because of this, Petitioner argues that he was not allowed to exercise his constitutional right to due process of law, to confront the witnesses against him, to ascertain the truthfulness and constitutionality of the allegations against him, or to bring forward favorable witnesses on his own behalf to explain why the parole should not have been revoked. *Id.* As stated above, however, Reiser argues that because Petitioner's incarceration in Minnesota was due to a new conviction that was separate from his Texas conviction, Petitioner's constitutional right to a revocation hearing was not triggered until he was released from

4

Minnesota custody. ECF No. 4 at 2. Therefore, Reiser asserts that to the extent Petitioner argues that he was unconstitutionally denied a preliminary revocation hearing, the Petition should be dismissed. *Id.* The Court agrees with Reiser.

A parolee's conditional freedom is a liberty interest that cannot be terminated without due process safeguards. *Morrissey v. Brewer*, 408 U.S. 471, 483 (1972). Thus, once a parolee is arrested and detained for an alleged parole violation, a preliminary hearing is required to determine whether there is probable cause to believe that such violation took place. *Id.* at 485. However, a parolee's right to a preliminary hearing does not attach until the parole violation warrant is executed and the parolee is taken into custody under that warrant. *See Moody v. Daggett*, 429 U.S. 78, 87 (1976) ("[I]n holding that '[t]he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody,' *Morrissey*, 408 U.S. at 488, we established *execution* of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation." (emphasis added)). In other words, the fact that a parole revocation warrant is issued does not trigger a parolee's right to a preliminary hearing; it is only once that warrant is executed and the parolee is taken into custody pursuant to that warrant does the right attach. *See D'Amato v. U.S. Parole Commission*, 837 F.2d 72 (2d Cir. 1988) (holding that petitioner's constitutional rights were not infringed when he was denied a preliminary hearing after a parole violation warrant was issued due to petitioner being convicted of a new crime).

In the present case, Petitioner's imprisonment by the Minnesota Department of Corrections was pursuant to a new conviction for felony possession of a firearm by an ineligible person, not because of the Texas parole violation warrant. Although Texas issued an arrest warrant/detainer against Petitioner while he was imprisoned in Minnesota, such warrant was not executed until

Petitioner completed his sentence in Minnesota and was released to the custody of Texas authorities. Accordingly, Petitioner's constitutional rights were not violated when he was denied a preliminary parole revocation hearing by Minnesota authorities.

Therefore, to the extent that the Petition alleges that Petitioner was unconstitutionally denied a preliminary parole revocation hearing by Minnesota authorities, the Petition should be denied and dismissed with prejudice.

**B.     The Court does not have personal jurisdiction over Abbott**

The second argument Petitioner makes in his Petition is that the state of Texas had no basis to issue the parole violation warrant/detainer. *See* ECF No. 1 at 8 (stating that Petitioner seeks an "annulment" of the Texas detainer). Abbot, however, argues that this Court lacks personal jurisdiction over him because, as the attorney general of Texas, he is outside of the territorial jurisdiction of the Court. ECF No. 15 at 2. The Court agrees with Abbott.

In order for a court to consider a habeas petition pursuant to 28 U.S.C. § 2241, the petitioner "must be 'in custody' within the meaning of § 2241(c)(3), and the district court in which the petition is filed must have personal jurisdiction upon the person who holds [the petitioner] in what is alleged to be unlawful custody." *Carmona v. Minnesota*, 23 Fed. App'x 629, 630 (8th Cir. 2002); *see also Cleveland v. Ciccone*, 517 F.2d 1082, 1085 (8th Cir. 1975) ("It is now well established that an appropriate forum for habeas corpus relief is the United States District Court having jurisdiction over the custodian against whom the petition for the writ is directed.").

Courts have consistently held that the absence of a petitioner's custodian from the territorial jurisdiction of the district court is fatal to habeas jurisdiction. *See Schlanger v. Seamans*, 401 U.S. 487, 490 (1971); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 444–45 (2004) (stating that past case

law "in no way authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction"); *Norris v. Georgia*, 522 F.2d 1006, 1011–12 (2d Cir. 1975) (holding that the district court did not have personal jurisdiction over out-of-state officials in petitioner's habeas petition challenging the validity of out of state detainers); *Rhurark v. Wade*, 608 F.2d 304 (8th Cir. 1979) (holding that Eastern District of Arkansas did not have personal jurisdiction over Texas officials in petitioner's habeas petition challenging Texas criminal conviction).

In *Aydelotte v. Norris*, the Western District of Arkansas determined, in a case factually similar to the present case, that it did not have personal jurisdiction over the Mississippi attorney general. No. 08-6113, 2009 WL 2391937 (W.D. Ark. July 31, 2009). In *Aydelotte*, petitioner was convicted of two drug offenses in Arkansas state court and sentenced to twenty years confinement in an Arkansas prison. *Id.* at *1. A few months after his conviction, the State of Mississippi lodged a detainer against him following criminal charges being filed in Mississippi. *Id.* Petitioner filed a petition for a writ of habeas corpus in the Western District of Arkansas, alleging that he was being denied a speedy trial and due process in the Mississippi cases. *Id.* Petitioner named both the director of the Arkansas Department of Corrections and the Attorney General of the state of Mississippi as respondents. The court dismissed the petition for lack of personal jurisdiction as to the Mississippi attorney general and stated that the case should be filed in the Northern District of Mississippi. *Id.* at *2–3.

Similarly here, this Court lacks personal jurisdiction over Abbott. Therefore, to the extent Petitioner challenges the validity of the Texas detainer issued against him while he was incarcerated in Minnesota, such arguments should be made in the proper U.S. District Court in Texas.

## III. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition (ECF No. 1) be **DISMISSED** to the extent outlined below:

1. To the extent Petitioner claims he was unconstitutionally denied a preliminary parole revocation hearing by Respondent Bruce Reiser and parole agent William Linden, the Petition should be **DENIED** and **DISMISSED WITH PREJUDICE**;

2. Respondent Greg Abbott's motion to dismiss for lack of jurisdiction should be **GRANTED**. To the extent Petitioner challenges the validity of the Texas detainer, the Petition should be **DISMISSED WITHOUT PREJUDICE**.

DATED: January 16, 2015                              *s/Franklin L. Noel*
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before February 3, 2015, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.